UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE ROMERO,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 11-cv-04812-WHO<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 43 |

Plaintiff Luke Romero ("Romero") brings this wrongful termination action against the County of Santa Clara and his former employers at the Santa Clara Valley Medical Center alleging multiple claims under 42 U.S.C. § 1983, the California Fair Employment and Housing Act, California Health and Safety Code § 1278.5, California Labor Code § 1102.5, and state tort claims. Romero filed a Motion for Leave to File a Third Amended Complaint which would add three new defendants to the case.

Having considered the parties' briefs and the argument of counsel, and for the reasons set forth below, the Court GRANTS in part and DENIES in part the Motion for Leave to File a Third Amended Complaint.

**BACKGROUND**

Romero filed his initial complaint on September 28, 2011, a First Amended Complaint on December 15, 2011, and a Second Amended Complaint on January 31, 2013. On June 14, 2013, the Honorable Judge Tigar issued a Case Management Scheduling Order, which set August 2, 2013 as the deadline to add parties or amend the pleadings. Dkt. No. 41. Under the current schedule, fact discovery closes on May 2, 2014. Trial is scheduled for October 6, 2014.

On August 2, 2013, Romero filed a Motion for Leave to File a Third Amended Complaint

to add three individual defendants, Drs. Dolly Goel, Adella Garland, and Bridget Phillip. The factual allegations against the three proposed defendants were alleged in the Second Amended Complaint, but Romero did not add them to the case at that time.

Romero now seeks leave to add these defendants to the following causes of action: (1) the First Cause of Action alleging retaliation under the Fair Employment and Housing Act (FEHA); (2) the Second Cause of Action alleging retaliation in violation of California Health and Safety Code section 1278.5; (3) the Third Cause of Action alleging violations of 42 U.S.C. § 1983; (4) the Fourth Cause of Action alleging invasion of privacy; (5) the Fifth Cause of Action alleging slander per se; and (6) the Seventh Cause of Action alleging intentional infliction of emotional distress. Dkt. No. 43 Ex. A.

## LEGAL STANDARD

A request for leave to amend made after the entry of a Rule 16 Scheduling Order is governed primarily by Rule 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Pursuant to Rule 16(b), a scheduling order "shall not be modified" except upon a "showing of good cause." FED. R. CIV. P. 16(b). The good cause standard "primarily considers the diligence of the party seeking the amendment" and the district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. If good cause is shown, the party must then demonstrate that amendment was proper under Federal Rule of Civil Procedure 15(a). *Id.* at 608.

Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). In the absence of an "apparent reason," such as undue delay, bad faith, dilatory motive, prejudice to defendants, or repeated failure to cure deficiencies in the complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). Consideration of prejudice to the opposing party "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

**DISCUSSION**

**I. GRANTING LEAVE COMPLIES WITH RULES 16(B) AND 15(A)**

Whether Romero has good cause to file his proposed amendment is a close call. The factual allegations regarding the three defendants Romero seeks to add were alleged in the Second Amended Complaint, Dkt. No. 43 at 3-4, yet Romero waited for six months to name them as defendants. Nor did he specifically request that the court modify its scheduling order; he simply moved to amend his complaint to add three defendants on the last day to file amended pleadings.[1] Dkt. No. 43.

However, the underlying purpose of Rule 16(b) is to assure that modifications to a scheduling order do not "create meaningful case management issues" or "infringe on the efficient adjudication of the action." *C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1197 (C.D. Cal. 2009). "Rule 16(b) was added to the Federal Rules of Civil Procedure in order to facilitate judicial control over a case and to set a schedule for pretrial steps." *Id*. Romero could file a separate lawsuit against the three new defendants on related claims, which would increase the cost of this matter and the length of time to resolve the claims. No depositions have been taken, and the end of fact discovery is still several months away. The new defendants will be represented by existing defense counsel, so they will not be prejudiced in that regard. The current pretrial schedule will be unaffected. Moreover, Romero has served and answered interrogatories and requests for production and produced thousands of pages of documents. Dkt. No. 49 at 2. The parties have had a settlement conference, and they have worked together on scheduling Romero's deposition. Dkt. No. 52 at 12-13. There is no indication that Romero has any dilatory motive, acted in bad faith, or intentionally waited to add defendants for an improper purpose.

In light of these factors, the Court finds good cause to allow the amendment of the complaint under Rule 16(b) and under the more liberal standard of Federal Rule of Civil Procedure 15(a).

---

[1] Because the Court is granting leave to amend, we do not need to reach the issue of whether Romero's motion was timely.

## II. THE PROPOSED THIRD AMENDED COMPLAINT HAS FATAL DEFECTS

The proposed Third Amended Complaint does not sufficiently state causes of action against any of the individual defendants for retaliation under the Fair Employment and Housing Act (FEHA), violation of California Health and Safety Code section 1278.5, or against any of the new defendants for invasion of privacy, slander, or intentional infliction of emotional distress. Romero cannot state causes of action under FEHA and California Health and Safety Code section 1278.5 against the individual defendants as a matter of law. Under FEHA, the California Supreme Court has concluded that "the employer is liable for retaliation under section 12940, subdivision (h), but nonemployer individuals are not personally liable for their role in that retaliation." *Jones v. Lodge at Torry Pines Partnership*, 42 Cal. 4th 1158, 1174 (2008). Similarly, California Health and Safety Code section 1278.5 applies to "health facilities" and not to individuals. CAL. HEALTH. & SAFETY CODE § 1278.5. Those claims will be dismissed with prejudice from this matter to the extent they are stated against *any* individual defendant.

As to invasion of privacy, slander, and intentional infliction of emotional distress, defendants argued that Romero's factual allegations are inadequately pleaded as to the new defendants. Romero did not refute these points in his reply brief and conceded them at oral argument.

A court should grant leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, courts should consider factors such as the "futility of the proposed amendment." *Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir. 1989). While the Court will allow Romero to file an amended Complaint to add the new defendants to his cause of action under 42 U.S.C. § 1983, no other claims should be asserted against them.

## CONCLUSION

Plaintiff's Motion for Leave to File a Third Amended Complaint is GRANTED to the extent that Romero restricts the allegations against the new defendants to the Third Cause of Action. Plaintiff's claims against each individual defendant under FEHA and California Health and Safety Code section 1278.5 are DISMISSED WITH PREJUDICE. Plaintiff's Motion for

Leave to File a Third Amended Complaint is DENIED as to the First, Second, Fourth, Fifth, and Seventh Causes of Action.

Plaintiff shall file any amended complaint no later than 20 days from the date of this Order.

**IT IS SO ORDERED**.

Dated: September 24, 2013



_____
WILLIAM H. ORRICK
United States District Judge