UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE ROMERO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>　　　　Defendants. | Case No. 11-cv-04812-WHO<br><br>**ORDER ON DEFENDANTS' MOTION TO REASSIGN CASE**<br><br>Re: Dkt. No. 51 |

## INTRODUCTION

Defendants Friedrich Moritz, Alfonso Banuelos, and County of Santa Clara ("Defendants") move the Court to reassign the case to the San Jose Division. For the reasons stated below, the Court DENIES the motion.

## DISCUSSION

Plaintiff Luke Romero has sued the County of Santa Clara and two individuals whom he alleges retaliated against him and wrongfully terminated him from his employment as an anesthesiologist at the Santa Clara Valley Medical Center. Defendants assert that the San Jose Division is the proper venue for this case because Romero's Second Amended Complaint alleges that the defendants reside in the County of Santa Clara and the conduct that led to Romero's wrongful termination occurred at the Santa Clara Valley Medical Center. Dkt No. 51 at 3.

Civil Local Rule 3-2(c) governs the assignment of cases within the Northern District of California. It provides that:

> [U]pon initial filing, all civil actions and proceedings for which this district is the proper venue shall be assigned by the Clerk to a Courthouse serving the county in which the action arises. A civil action arises in the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated.

CIV. L.R. 3-2(c). Civil Local Rule 3-2(h) further provides that:

> Whenever a Judge finds, upon the Judge's own motion or the motion of any party, that a civil action has not been assigned to the proper division with this district in accordance with this rule, or that the convenience of the parties and witnesses and the interests of justice will be served by transferring the action to a different division within the district, the Judge may order such transfer, subject to the provisions of the Court's Assignment Plan.

CIV. L.R. 3-2(h).

This case was filed in San Jose on September 28, 2011 and originally assigned to the Honorable Judge Richard Seeborg in San Francisco pursuant to General Order No. 44, the Court's Assignment Plan. Prior to the filing of this lawsuit, General Order Number 44 was modified by an Order of the Executive Committee on August 2, 2011 to alleviate an imbalance in the assignment of civil cases between the Court's two major divisions --San Francisco/Oakland and San Jose-- due to the judicial vacancy in the San Jose Division caused by the Honorable Judge Jeremy Fogel's departure to Washington D.C.[1] Pursuant to the Executive Order, all civil cases filed in the San Jose Division after August 2, 2011 have been randomly reassigned on a district-wide basis to active district judges until the judicial vacancy is filled. The order is still in effect.

It is within this Court's discretion to transfer a case pursuant to Local Rule 3-2. *Sodipo v. Caymas Systems, Inc.*, 2007 WL 1362422 at *1 (N.D. Cal. May 2, 2007). The Court recognizes that it would be more convenient for most of the witnesses in this case (but not the plaintiff) if the case was transferred to the San Jose Division. However, litigating the case in the San Francisco Division serves the interests of judicial economy and efficiency in this District by augmenting the judicial resources of the San Jose Division. Transferring the case to the San Jose Division at this time would be inconsistent with the purpose of the Court's August 2, 2011 Order of the Executive Committee to maintain an equitable allocation of civil cases. If circumstances change, the Court may consider reassignment at a later time.

---

[1] *See* UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, *District-Wide Assignment of San Jose Civil Cases*, http://www.cand.uscourts.gov/news/53 (last visited October 7, 2013).

**CONCLUSION**

For the foregoing reasons, the Motion to Reassign is DENIED.

**IT IS SO ORDERED**.

Dated: October 8, 2013



WILLIAM H. ORRICK
United States District Judge