UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LUKE ROMERO,

               Plaintiff,

     v.

COUNTY OF SANTA CLARA, et al.,

               Defendants.

Case No.  11-cv-04812-WHO

**TENTATIVE ORDER REGARDING MOTIONS IN LIMINE**

Re: Dkt. Nos. 133, 137

       The parties have filed a number of motions in limine.  Dkt. Nos. 133, 137.  Subject to argument offered at the pretrial conference, the Court intends to rule as follows:

**I.**      **PLAINTIFF'S MOTIONS IN LIMINE**

       **1.  Pursuant to Federal Rule of Civil Procedure 37(c)(1), exclude peer review documents produced by defendants on August 7, 2014.**

       DENIED IN PART and GRANTED IN PART.

       Romero argues that the documents in question, which defendants produced after the close of discovery, should be excluded under Rule 37(c)(1) because they are new versions of documents previously produced by defendants.  The old versions were more heavily redacted; the new versions reveal information which Romero did not know the documents contained.  Romero argues he deposed witnesses using the old versions and would be prejudiced if defendants are allowed to utilize the newly revealed information at trial.  P's Mot. 2 (Dkt. No. 133). Additionally, Romero argues that the documents numbered 04230-04232 should be excluded under Rule 37(c)(1) because they were not produced at all until August 7, 2014, after the close of discovery.

       Defendants respond that the only previously redacted information revealed in the new versions is the identity of persons involved in the peer reviews of Romero's patient care.  D's Opp.

2-3 (Dkt. No. 138). The new versions are identical to the old versions in all other respects. Defendants contend Romero deposed the individuals who were involved in his peer reviews and has not identified any line of questioning he would have pursued had defendants produced the new versions earlier. *Id.* Defendants also note that Romero did not object to the redactions, and that he received the new versions on August 7, 2014, nearly two months before trial. *Id.*

Defendants further argue that they produced the new versions because: (1) this Court's summary judgment order, issued on July 10, 2014, made clear that the peer review documents would be central to Romero's remaining claims; and (2) this Court's order denying administrative motions to seal, issued on June 17, 2014, rejected the parties' attempt to file peer review documents under seal, except as to "personal identifying information of third parties with a need for privacy, such as hospital patients." D's Opp. 3-4. Defendants contend that production of the new versions was required in light of these rulings. *Id.*

Rule 37(c)(1) provides that a party who "fails to provide information…as required by Rule 26(a) or (e)…is not allowed to use that information…to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Rule 26(a) requires each party, "without awaiting a discovery request," to identify "each individual likely to have discoverable information" and "all documents, electronically stored information, and tangible things" that the "disclosing party may use to support its claims or defenses." FED. R. CIV. P. 26(a)(1)(A). Rule 26(e) creates an obligation to supplement all Rule 26(a) disclosures. FED. R. CIV. P. 26(e)(1). Supplemental disclosures must be made "in a timely manner" when a "party learns that in some material respect the disclosure…is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.*

Under Rule 37(c)(1), the party whose evidence may be excluded has the burden of proving that its failure to disclose was substantially justified or is harmless. *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). "The determination of whether a failure to disclose is justified or harmless is entrusted to the broad discretion of the district court." *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, No. 04-04632-SI, 2007 WL 421336, at *4

United States District Court
Northern District of California

(N.D. Cal. Feb. 5, 2007).  Nondisclosure is harmless if it does not prejudice the other party.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  In assessing harmlessness, courts consider a number of factors, including "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence."  *Unionamerica Ins. Co., Ltd. v. Fort Miller Grp., Inc.*, No. 05-01912-BZ, 2009 WL 275104, at *1 (N.D. Cal. Feb. 4, 2009).

Defendants have carried their burden of showing that their failure to timely produce the new versions is harmless.  The newly revealed information is limited to the identities of the persons involved in the peer reviews of Romero's patient care.  Defendants assert, and Romero does not dispute, that Romero knew who was involved in his peer reviews and deposed them during discovery.  As defendants point out, it is not clear how Romero would have modified his depositions of these individuals, or any other aspect of his trial preparation, had defendants disclosed the new versions earlier.  Further, Romero has been in possession of the new versions since early August 2014, meaning that he had considerable time to cure any surprise the new versions may have caused him.  Finally, it appears that defendants' previous decision to redact the identities of individuals involved in Romero's peer reviews was based on a mistaken belief that the "peer review privilege" applies in this case.  *See* D's Opp. 3-4.  It does not.  *See* Dkt. No. 105 at 2; *see also, Love v. Permanente Med. Grp.*, No. 12-05679-DMR, 2013 WL 4428806 at *2-3 (N.D. Cal. Aug. 15, 2013).  After this Court so informed defendants, they produced the new versions of the peer review documents.  *See* D's Opp. 3-4.  Defendants' explanation for their failure to timely disclose provides further support for a finding of harmlessness.  Romero's motion to exclude the new versions of the previously produced documents is DENIED.

On the other hand, defendants do not address Romero's request to exclude the documents numbered 04230-04232 on the ground that they were not produced at all after the close of discovery.  Defendants have not shown that their failure to timely disclose these documents was substantially justified or harmless, and Romero's motion to exclude them is GRANTED.

**2.  Pursuant to Federal Rules of Evidence 602, 701, and 403, exclude evidence of the opinions and conclusions contained in the reports made in response to the complaints Romero filed with the Santa Clara County EOD.**

GRANTED.

Romero filed two relevant complaints with the County EOD.  P's Mot. 2-3.  Both complaints were investigated and resulted in reports drafted by the investigating officers, Vernon Crawley and Mark Paschal.  *Id.*  Romero contends that the opinions and conclusions contained in the EOD reports should be excluded under Rules 602 and 701, because the officers based their opinions and conclusions on witnesses and documents, not personal knowledge of the events underlying the complaints.  *Id.*  Romero also argues that evidence of the opinions and conclusions contained in the reports should be excluded under Rule 403, because they would be more prejudicial than probative given that the officers are County employees with an "obvious bias in favor of their employer."  *Id.*

Defendants clarify that they do not seek to introduce the officers' notes or reports summarizing their investigations.  D's Opp. 5-7.  Defendants  seek to introduce only the notices the officers sent to County employees scheduling interviews to discuss Romero's complaints.  *See* P's Mot., Ex. 2 at 835, Ex. 3 at 1071, 1073, 1075.  Defendants state the notices are probative of when the County employees were notified of the investigations, and therefore whether they retaliated against Romero through the peer review process.  D's Opp. 5-7.  Defendants also seek to introduce the notices the officers sent to Romero advising him when and how the investigations had been resolved.  *See* P's Mot., Ex. 2 at 832-83, Ex. 3 at 1069.  Defendants contend the information contained in the notices is based on the officers' personal knowledge and is permissible lay opinion.  D's Opp. 5-7.  Defendants emphasize that Romero will have the opportunity to cross-examine both officers at trial.  *Id.*  Defendants also note that the notices are not hearsay because they will be offered only to show that the County EOD investigated Romero's complaints and advised him of its findings.  *Id.*

The motion is GRANTED on the ground that the probative value of the notices is substantially outweighed by the dangers of unfair prejudice to Romero and unnecessary

presentation of cumulative evidence.  FED. R. EVID. 403.  The notices are not necessary to prove the dates when the County employees learned of the investigations, or when Romero was notified of how the investigations had been resolved.  These facts can be proven in a variety of other, less potentially prejudicial ways, including by the testimony of Crawley and Paschal or by stipulation of the parties.  This ruling may be revisited in the event Romero testifies at any length about the merits of the complaints he filed with the County EOD.

II.     **DEFENDANTS' MOTIONS IN LIMINE**

   1.  **Pursuant to Federal Rule of Evidence 615, exclude witnesses from the courtroom until after testifying.**

   GRANTED.

   Federal Rule of Evidence 615 provides in part:  "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony."  FED. R. EVID. 615.  "The purpose of the rule is to prevent witnesses from tailoring their testimony to that of earlier witnesses and to aid in detecting testimony that is less than candid."  *United States v. Ell*, 718 F.2d 291, 293 (9th Cir. 1983).  Under the rule, the exclusion of witnesses is a matter of right and is not within the discretion of the trial court.  *Id.* at 292.  The motion is GRANTED.

   2.  **Pursuant to Federal Rule of Evidence 408 and 403, exclude references to settlement offers and discussions.**

   GRANTED.

   Federal Rule of Evidence 408 prohibits the admission of offers to settle, or statements made during settlement negotiations, for the purpose of proving liability or to impeach by a prior inconsistent statement.  FED. R. EVID. 408.  Defendants' motion is in line with the rule and is GRANTED.

   3.  **Pursuant to Federal Rules of Evidence 411 and 403, exclude references to the County's financial condition and insurance coverage.**

   GRANTED.

   Federal Rule of Evidence 411 provides:  "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise

5

1   wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's

2   bias or prejudice or proving agency, ownership, or control." FED. R. EVID. 411.  Romero agrees

3   that references to the County's insurance coverage should be excluded but contends that

4   references to the County's financial condition may be admitted because one of the subjects of his

5   complaints was erroneous and fraudulent billing, which impacted the County's financial condition.

6   P's Opp. at 2 (Dkt. No. 144).  Granting this motion does not preclude Romero from presenting

7   evidence that he complained about billing practices.  The motion merely seeks to prohibit Romero

8   from presenting evidence of the County's financial condition, which is a separate issue from

9   whether Romero complained about billing practices or was retaliated against because of those

10  complaints.  The motion is GRANTED.

11  **4.  Pursuant to Federal Rules of Evidence 402 and 403, exclude evidence regarding**

12  **the individual defendants' financial condition and references to punitive damages**

13  **until after the liability phase.**

14  GRANTED.

15  Defendants are correct that the financial condition of the individual defendants and the

16  prospect of punitive damages are not relevant to liability, and even if they were, their probative

17  value would be substantially outweighed by the danger of unfair prejudice to the individual

18  defendants.  Romero does not oppose the motion.  It is GRANTED.

19  **5.  Pursuant to Federal Rules of Evidence 402 and 403, exclude evidence that the**

20  **County will pay any judgment against the individual defendants.**

21  GRANTED.

22  Like defendants' financial condition and the prospect of punitive damages, this evidence is

23  not relevant to liability and has the potential to be highly unfairly prejudicial to the individual

24  defendants.  Romero does not oppose the motion.  It is GRANTED.

25  **6.  Pursuant to Federal Rules of Evidence 402 and 403, exclude references to other**

26  **cases brought by Romero's counsel against the County and its employees.**

27  OFFER OF PROOF REQUIRED.

28  Romero's counsel has been involved in other cases brought by County employees against

6

1    the County.  D's Mot. at 4-5 (Dkt. No. 137).  Defendants argue that these cases are irrelevant to

2    Romero's claims, and that references to them would unfairly prejudice defendants and would

3    require defendants to present rebuttal evidence, thereby creating a "trial within a trial."  *Id.*

4    Defendants request in the alternative that if evidence of the other cases is allowed, defendants

5    should be able to introduce evidence of the outcomes in those cases.  *Id.*  Romero asserts the

6    motion is overbroad, because evidence of other lawsuits brought against the County by its

7    employees is relevant to prove policy, custom, or practice, as required to prove his *Monell* claims

8    against the County.  P's Opp. 2.  Romero states that two potential witnesses in the case, Jana

9    Dolnikova and Richard Hughes, have sued the County.  *Id.*

10       Other lawsuits against the County might be relevant to Romero's *Monell* claims, assuming

11   those lawsuits are probative of the same policy, custom, or practice that he alleges resulted in his

12   peer reviews.  Before ruling on this motion, I will ask Romero to describe the evidence he intends

13   to offer in greater detail.

14       **7.  Pursuant to Federal Rules of Evidence 402 and 403, exclude evidence pertaining to**

15       **claims already decided on summary judgment.**

16       DENIED.

17       This Court granted defendants' motion for summary judgment on Romero's causes of

18   action for (a) invasion of privacy, (b) slander per se, (c) intentional infliction of emotional distress,

19   (d) discrimination on the basis of sexual orientation, age, gender, and disability, (e) hostile work

20   environment, (f) wrongful termination, (g) failure to provide reasonable accommodation, and (h)

21   failure to engage in the interactive process.  *See* Dkt. No. 117 at 36.  Defendants request the

22   exclusion of all evidence pertaining to these causes of action.  D's Mot. 5.  Romero responds that

23   many of the complaints he made, which are central to his retaliation claims, include allegations of

24   discrimination and harassment.  P's Opp. at 2-3.  Thus, granting the motion would preclude

25   Romero from proving his case.  *Id.*

26       I agree with Romero that the motion is overbroad.  There is considerable overlap between

27   the causes of action that were disposed of on summary judgment and those that remain for trial.

28   For example, Romero's complaints of discrimination and harassment, which pertain to several of

United States District Court
Northern District of California

7

his disposed-of causes of action, are also relevant to show that Romero engaged in protected activity for the purposes of most, if not all, of his remaining causes of action for unlawful retaliation.  The motion is DENIED.  That said, Romero is advised that detailed descriptions of his views of the merits of his complaints will open the door to the County's refutation of the merits of those complaints.

**8.  Pursuant to Federal Rules of Evidence 402 and 403, exclude evidence of Romero's medical leave and related administrative actions.**

DENIED IN PART and GRANTED IN PART.

Defendants argue that such evidence is irrelevant to whether Romero was subjected to retaliatory peer reviews and would unfairly prejudice the County, confuse the issues, and cause undue delay.  D's Mot. 5-6.  Romero responds that his medical leave was a direct result of the retaliatory actions taken by the defendants and is a significant part of his claim for damages.  P's Opp. 3.

The motion is DENIED to the extent that it aims to exclude evidence that Romero went on medical leave from November 18, 2011 to December 3, 2012.  Romero may present evidence of this fact.  Romero may also present evidence of why he went on medical leave, and whether he received wages from the County during that time.  This evidence is relevant to Romero's claim for damages resulting from defendants' alleged misconduct.

However, Romero may not present evidence regarding other actions by the County related to his medical leave, including the County's decisions to grant him leave, to allow him to extend his leave, and to eventually refuse him additional leave beyond December 3, 2012.  Such evidence is not relevant to Romero's claims of retaliatory peer reviews or his claim for damages.

**9.  Pursuant to Federal Rules of Evidence 402 and 403, exclude references to the reappointment / recredentialing process and the suspension of Romero's reappointment application.**

GRANTED.

Defendants point out that this Court has already found that Romero's reappointment application was suspended because he could not perform the functions of an anesthesiologist.  *See*

1   Dkt. No. 117 at 35-36.  Romero does not oppose this motion, and it is GRANTED.

2   **10.  Pursuant to Federal Rule of Evidence 701, exclude legal conclusions and opinions**

3   **that Romero was subjected to discrimination or retaliation or was discriminated or**

4   **retaliated against; that Romero or any other employee was a "whistleblower;" or that**

5   **Romero or any other employee was subjected to "sham" peer reviews.**

6   DENIED.

7   Romero argues that this motion is vague and ambiguous with regard to which evidence is

8   to be excluded, and that it is more of an attempt to restrict Romero's speech than to exclude

9   specific evidentiary items.  P's Opp. 3-4.  I agree.  There is no reason defendants' concerns

10  regarding the use of particular words cannot be addressed during trial.  The motion is DENIED.

11  **11.  Pursuant to Federal Rules of Evidence 602 and 403, exclude references to the**

12  **allegedly erroneous or fraudulent coding and billing practices in Santa Clara Valley**

13  **Medical Center's anesthesiology department.**

14  DENIED.

15  Defendants argue that Romero's testimony regarding allegedly erroneous or fraudulent

16  coding and billing practices is speculative and lacking in foundation, and that allowing Romero to

17  deliver such testimony would unduly lengthen the trial.  D's Mot. 7.  Romero contends that he

18  disclosed these coding and billing practices to the medical executive committee on August 11,

19  2011, and that this Court has already found that there is sufficient evidence of a causal link

20  between Romero's August 2011 complaints and the subsequent peer reviews to support a jury

21  verdict in his favor.  *See* Dkt. No. 117 at 21.

22  This motion is DENIED because it is not yet clear for what purpose and in what form

23  Romero intends to offer evidence of the allegedly erroneous and fraudulent coding and billing

24  practices.  When and if Romero offers such evidence, defendants may reassert their objections.

25  **12.  Pursuant to Federal Rule of Evidence 402, exclude (a) references to Romero's**

26  **alleged breaches of medical record and peer review confidentiality; and (b) evidence**

27  **regarding the investigation of those alleged breaches.**

28  GRANTED.

9

1    Defendants argue that evidence of the alleged breaches is irrelevant to Romero's remaining

2    claims for retaliation.  Romero does not oppose the motion.  It is GRANTED.

3    **13.  Pursuant to Federal Rule of Evidence 402, exclude references to the alleged**

4    **unfairness of the on-call schedule, including the on-call pediatric anesthesiologist**

5    **schedule.**

6    DENIED.

7    Defendants argue this evidence is irrelevant.  Mot. 8.  Romero contends it should be

8    allowed to show why Kelly Yeh and Bridget Philip were motivated to retaliate against him and

9    why Romero's "status changed so dramatically."  P's Opp. 4.  I conclude this issue is better

10   decided in the context of trial.  When and if Romero offers this evidence, defendants may reassert

11   their objection.  The motion is DENIED.

12   **14.  Pursuant to Federal Rules of Evidence 402 and 403, exclude evidence that the**

13   **County hired anesthesiologists after Romero's termination.**

14   GRANTED.

15   Defendants argue this evidence is irrelevant given that this Court granted Defendants'

16   motion for summary judgment on Romero's wrongful termination claims.  D's Mot. 8.  Romero

17   contends that the County's "hiring of other anesthesiologists is relevant to [his] claims that he was

18   subjected to ongoing retaliation arising from the retaliatory peer reviews."  P's Opp. 4-5.  This

19   Court has already ruled that the only adverse employment actions to which Romero may have

20   been subjected because of his allegedly protected activity are his peer reviews.  *See* Dkt. No. 117

21   at 18, 23.  Romero's claims of "ongoing retaliation arising from [those] peer reviews" are no

22   longer relevant.  Because the County's hiring of other anesthesiologists is not relevant to the peer

23   reviews, the motion is GRANTED.

24   **15.  Pursuant to Federal Rules of Evidence 402 and 802, exclude testimony by**

25   **Romero "about irrelevant events and issues," including a number of statements**

26   **specifically identified in defendants' motions in limine.**

27   DENIED.

28   Defendants' objections are better considered and ruled on in the context of trial.  When and

United States District Court
Northern District of California

1  if Romero makes such statements, defendants may reassert their objections. The motion is

2  DENIED.

3      **16.  Pusuant to Federal Rules of Evidence 701, 802, and 403, exclude a number of**

4      **emails attached as exhibits to defendants' motions in limine.**

5      DENIED.

6      Defendants argue these emails are hearsay and "are riddled with [Romero's] legal

7  arguments and conclusions about discrimination, harassment, retaliation, and purported

8  whistleblowing."  D's Mot. 9.  Romero contends the emails are the "very documents that

9  constitute his protected activity."  P's Opp. 5-6.  Again, defendants' objections are better

10 considered and ruled on in the context of trial.  Defendants may reassert their objections then.  The

11 motion is DENIED.

12     **17.  Pursuant to Federal Rules of Evidence 602 and 802, exclude references to patient**

13     **care by third parties and the outcomes of peer reviews of third parties.**

14     DENIED.

15     Defendants argue that Romero's testimony about these events lacks foundation and

16 constitutes inadmissible hearsay.  D's Mot. 9-10.  Romero contends the evidence shows that he

17 was treated differently from other doctors whose conduct was not scrutinized as closely as

18 Romero's, and that the admissibility of the evidence should be determined after Romero has had

19 an opportunity to lay a proper foundation.  P's Opp. 7. The motion is DENIED because it is not

20 yet clear in what form Romero intends to offer this evidence.  When and if Romero does so,

21 defendants may reassert their objections.

22     **18.  Pursuant to Federal Rules of Evidence 402 and 403, exclude all references to the**

23     **August 2, 2011 anesthesiology department meeting where Jana Dolinkova's cases**

24     **were discussed and Richard Hughes verbally attacked Bridget Philip.**

25     OFFER OF PROOF REQUIRED.

26     Defendants argue that details about peer reviews of other physicians' patient care are not

27 relevant to defendants' liability.  D's Mot. 10.  Romero contends the evidence is relevant to his

28 *Monell* claims.  P's Opp. 18.  As with defendants' motion in limine number six, I need more

United States District Court
Northern District of California

information about the specific evidence Romero intends to offer before ruling on this motion.

**19.  Pursuant to Federal Rule of Evidence 402, exclude the testimony of Romero's Human Resources expert, Dr. Brian Kleiner.**

GRANTED.

Defendants argue that because the Court granted defendants' summary judgment motion on Romero's harassment, wrongful termination, and discrimination claims, Dr. Kleiner's testimony is not relevant.  D's Mot. 10.  Romero responds that the opinions rendered by Dr. Kleiner pertain to his retaliation claims.  P's Opp. 7.

Dr. Kleiner's opinions, insofar as they are contained in his expert report, do not pertain to Romero's retaliation claims.  *See* Dkt. No. 99, Ex. 9.  The section of the report titled "Opinion" states: "Given Dr. Romero's length of employment with SCVMC, it would have been reasonable to extend his leave until January 2013 or at least initiate a discussion about it.  Such actions would have been consistent with the County of Santa Clara's Policies and Procedures for Reasonable Accommodation."  *Id.*  The section of the report titled "Basis and Reasons for Opinion" includes information about SCVMC's reasonable accommodation policy, but it says nothing about SCVMC's peer review policies or practices, which are the only allegedly adverse employment actions that remain at issue in this case.  *See id.*  The motion is GRANTED.

**20.  Pursuant to Federal Rule of Evidence 402 and Federal Rule of Civil Procedure 37(c)(1), exclude evidence of Romero's lost wages.**

DENIED.

Defendants argue that because the propriety of Romero's termination is not at issue, Romero will not be able to recover damages for lost wages.  D's Mot. 10-11.  Evidence of Romero's lost wages is therefore irrelevant.  *Id.*  Defendants further argue that Romero failed to disclose his lost wages, so evidence of same should be excluded at trial.  *Id.*  Romero responds that his medical leave was the direct result of the allegedly retaliatory peer reviews; therefore, damages for lost wages remain available to him.  P's Opp. 7-8.  Romero also asserts that he did produce evidence of his lost wages to defendant.  *Id.*

Defendants are correct that the propriety of Romero's termination is no longer at issue in

1  this case.  However, this does not preclude Romero from recovering damages for lost wages if the

2  jury finds that his medical leave was caused by defendants' allegedly illegal conduct.  Further,

3  even assuming that Romero failed to timely produce evidence of his lost wages, the failure would

4  be harmless because defendants undoubtedly have access to information regarding the wages

5  Romero would have earned had his medical leave not occurred.  *See* FED. R. CIV. P. 37(c)(1).

6  The motion is DENIED.

7      **22.  Pursuant to Federal Rule of Evidence 402, exclude evidence of complaints by**

8  **third-parties of discrimination or retaliation.** [1]

9  OFFER OF PROOF REQUIRED.

10  See defendants' motion in limine number six.

11      **23.  Pursuant to Federal Rule of Evidence 402, exclude evidence of complaints by**

12  **Romero that do not constitute "protected activity" under California Government**

13  **Code section 12940, California Health and Safety Code section 1278.5, the First**

14  **Amendment, or California Labor Code section 1102.5.**

15  DENIED.

16      This motion is so vague and broad that, as Romero points out, "it is impossible to know

17  which evidence exactly defendants are requesting to be excluded."  P's Opp. 8.  The motion is

18  DENIED.

19      **IT IS SO ORDERED**.

20  Dated: September 22, 2014



    WILLIAM H. ORRICK
    United States District Judge

---

[1]Defendants' motions in limine jump from number 20 to number 22, omitting number 21.  *See* D's Mot. 10-11.  To avoid confusion, I do the same.

13

United States District Court
Northern District of California