UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE ROMERO,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 11-cv-04812-WHO<br><br>**TENTATIVE ORDER REGARDING CLOSING JURY INSTRUCTIONS**<br><br>Re: Dkt. No. 140 |

The parties have filed proposed opening and closing jury instructions. Dkt. No. 140. The parties agree on proposed closing jury instructions 20, 23, 27-33, 35, and 38-40. The parties disagree on the remaining closing jury instructions. Subject to argument offered by the parties at the pretrial conference, the Court intends to adopt the versions of the disputed closing jury instructions listed below.[1]

The instructions are currently numbered according to the numbers assigned by the parties in their joint submission. If necessary, the instructions will be renumbered to correct for any gaps resulting from instructions not given, instructions given in a different order than that requested, or other modifications.

**JURY INSTRUCTION NO. 18**

**RETALIATION – ESSENTIAL FACTUAL ELEMENTS**

**(Cal. Gov. Code § 12940(h))**

Dr. Romero claims the County retaliated against him for complaining about discrimination

---

[1] Tentative versions of instructions 20 and 39 are also listed below. Although the parties agreed on these instructions, I intend to deliver different versions from those submitted by the parties. I include them here for the parties' review. Additionally, although the parties agreed on instruction 38, I intend to omit that instruction all together and it is not listed here.

and harassment. To establish this claim, Dr. Romero must prove all of the following:

1. That Dr. Romero complained about discrimination or harassment.

2. That the County subjected Dr. Romero to an adverse employment action when it peer reviewed Dr. Romero's patient care.

3. That Dr. Romero's complaints about discrimination or harassment were a substantial motivating reason for the County's decision to peer review Dr. Romero's patient care.

4. That Dr. Romero was harmed.

5. That the County's conduct was a substantial factor in causing Dr. Romero's harm.

**Court's analysis:** This is based closely on the Judicial Council of California Civil Jury Instruction 2505. It is also substantially similar to the defendants' proposed instruction. I use the phrase "discrimination and harassment" – instead of defendants' proposed, "discrimination" – because it hews more closely to Romero's allegations and the scope of protected activity under section 12940(h). *See, e.g.*, *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1043 (2005); *Miller v. Dep't of Corr.*, 36 Cal.4th 446, 472-76 (2005). I omit Romero's proposed addition of "unfair" to the second and third elements because it is misleading and potentially confusing to the jury.

### JURY INSTRUCTION NO. 19
### "SUBSTANTIAL MOTIVATING REASON" EXPLAINED

A "substantial motivating reason" is a reason that actually contributed to the decision to peer review Dr. Romero's patient care. It must be more than a remote or trivial reason. It does not have to be the only reason motivating the decision to peer review Dr. Romero's patient care.

**Court's analysis:** This is based closely on the Judicial Council of California's Civil Jury Instruction 2027. It is also substantially similar to the defendants' proposed instruction. As noted above, I omit Romero's proposed addition of "unfair" because it is misleading and potentially confusing to the jury.

## JURY INSTRUCTION NO. 20
## "ADVERSE EMPLOYMENT ACTION" EXPLAINED

Dr. Romero must prove that he was subjected to an adverse employment action. Adverse employment actions are not limited to ultimate actions such as termination or demotion. There is an adverse employment action if the County has taken an action or engaged in a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of Dr. Romero's employment. An adverse employment action includes conduct that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion. However, minor or trivial actions or conduct that is not reasonably likely to do more than anger or upset an employee cannot constitute an adverse employment action.

In this case, I have already ruled that the only conduct by defendants which may qualify as an adverse employment action is the peer reviews of Dr. Romero's patient care. In deciding whether Dr. Romero was subjected to an adverse employment action, consider only the peer reviews. Do not consider any other conduct by defendants.

**Court's analysis:** The parties agree on the first paragraph of this instruction, and it is based closely on the Judicial Council of California Civil Jury Instruction 2509. I include the second paragraph to limit the scope of the jury's inquiry to those claims of Dr. Romero's that remain after the summary judgment order in this case. *See* Dkt. No. 117.

## JURY INSTRUCTION NO. 21
## WHISTLEBLOWER PROTECTION – ESSENTIAL FACTUAL ELEMENTS
## (Cal. Lab. Code § 1102.5)

Dr. Romero claims that his patient care was peer reviewed in retaliation for complaints he made about the County's violation of a state or federal rule, regulation, or statute. In order to establish this claim, Dr. Romero must prove all of the following:

3

1. That Dr. Romero reasonably believed that his complaints disclosed the County's violation of a state or federal rule, regulation, or statute.
2. That the County subjected Dr. Romero to an adverse employment action when it peer reviewed Dr. Romero's patient care.
3. That Dr. Romero's disclosure of the County's violation of a state or federal rule, regulation, or statute was a substantial motivating reason for the decision to peer review Dr. Romero's patient care.
4. That Dr. Romero was harmed.
5. That the County's conduct was a substantial factor in causing Dr. Romero's harm.

The disclosure of policies or practices that an employee merely believes to be unwise, wasteful, or the like, is not protected. Dr. Romero must have reasonably believed that the County's policies violated a state or federal rule, regulation, or statute.

**Court's analysis:** This is substantially similar to the defendants' proposed instruction. As noted above, I omit Romero's proposed addition of "unfair" because it is misleading and potentially confusing to the jury. I use the phrase "substantial motivating reason" instead of the proposed "motivating reason" to conform to the Judicial Council of California's Model Jury Instruction for Government Code section 12940(h). The parties have not presented any authority showing that section 1102.5's causation requirement is different from Government Code section 12940(h)'s.

**JURY INSTRUCTION NO. 22**

**HEALTH & SAFETY CODE SECTION 1278.5 –**

**ESSENTIAL FACTUAL ELEMENTS**

Dr. Romero claims that the County retaliated against him for making complaints about patient care. To establish this claim, Dr. Romero must prove all of the following:

1. That Dr. Romero complained about issues relating to the care, services, or conditions of Santa Clara Valley Medical Center.
2. That the County subjected Dr. Romero to an adverse employment action when it peer

1      reviewed Dr. Romero's patient care.

2      3. That Dr. Romero's complaints regarding the care, services, or conditions of the Santa Clara Valley Medical Center were a substantial motivating reason for the County's decision to peer review Dr. Romero's patient care.

4. That Dr. Romero was harmed.

5. That the County's conduct was a substantial factor in causing Dr. Romero's harm.

**Court's analysis:** This is substantially similar to Romero's proposed instruction. I use the phrase "substantial motivating reason" instead of Romero's proposed "motivating reason" to conform to the Judicial Council of California's Model Jury Instruction for Government Code section 12940(h). Romero has not presented any authority showing that section 1278.5's causation requirement is different from Government Code section 12940(h)'s. Romero requests that, in addition to reading this instruction, I recite to the jury several paragraphs of the statutory language from section 1278.5. Romero does not provide any reason for doing so. Defendants' objection to this request are well-taken, and Romero's request is denied.

## JURY INSTRUCTION NO. 24
## SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY – ELEMENTS AND BURDEN OF PROOF

In order to prevail on his section 1983 claim against defendants Bridget Philip, Fritz Moritz, Dolly Goel, and Adella Garland, Dr. Romero must prove each of the following elements by a preponderance of the evidence:

The acts of defendants Bridget Philip, Fritz Moritz, Dolly Goel, and Adella Garland deprived Dr. Romero of his particular rights under the United States Constitution as explained in instruction 25.

If you find Dr. Romero has proved each of these elements, and if you find that Dr. Romero has proved all the elements he is required to prove under instruction 25, your verdict should be for Dr. Romero. If, on the other hand, you find that Dr. Romero has failed to prove any one or more

of these elements, your verdict should be for defendants.

**Court's analysis:** This is based closely on the Ninth Circuit Model Civil Jury Instruction 9.2. Defendants object to the inclusion of Moritz on the ground that, according to defendants, he is not named in the section 1983 cause of action in Romero's third amended complaint. I include Moritz, as did Romero in his proposed jury instruction, because Romero's section 1983 cause of action is alleged against "all defendants," which plainly includes Moritz. TAC ¶ 18. Accordingly, Romero was not required to specifically name Moritz in the allegations under the section 1983 cause of action.

**JURY INSTRUCTION NO. "___"**

**SECTION 1983 CLAIM AGAINST LOCAL GOVERNING BODY DEFENDANTS**

**BASED ON OFFICIAL POLICY, PRACTICE, OR CUSTOM –**

**ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his section 1983 claim against defendant Santa Clara County, Dr. Romero must prove each of the following elements by a preponderance of the evidence:

1. One or more of the individual defendants – Bridget Philip, Fritz Moritz, Dolly Goel, or Adella Garland – acted under color of law.

2. The acts of one or more of the individual defendants deprived Dr. Romero of his particular rights under the United States Constitution as explained in instruction 25.

3. One or more of the individual defendants acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Santa Clara County.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by Santa Clara County or the Santa Clara Valley Medical Center.

"Practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of Santa Clara County or the Santa Clara Valley Medical Center.

If you find Dr. Romero has proved each of these elements, and if you find that Dr. Romero has proved all the elements he is required to prove under instruction 25, your verdict should be for Dr. Romero. If, on the other hand, you find that Dr. Romero has failed to prove any one or more of these elements, your verdict should be for Santa Clara County.

**Court's analysis:** This is substantially similar to the *Monell* liability instruction requested by Romero. It is closely based on the Ninth Circuit Model Civil Jury Instruction 9.4. I explain above why Moritz is included. If the evidence supports *Monell* liability, Dr. Romero is entitled to this instruction because his third amended complaint includes a *Monell* allegation, *see* TAC ¶ 77, and defendants' failed to contest Dr. Romero's *Monell* claim either in a motion to dismiss or at summary judgment.

## JURY INSTRUCTION NO. 25
## PARTICULAR RIGHTS – FIRST AMENDMENT –
## PUBLIC EMPLOYEES – SPEECH

As previously explained, Dr. Romero has the burden to prove that the acts of the defendants deprived Dr. Romero of particular rights under the United States Constitution. In this case, Dr. Romero alleges defendants Bridget Philip, Fritz Moritz, Dolly Goel, Adella Garland, and Santa Clara County deprived him of his rights under the First Amendment to the Constitution when they subjected him to an adverse employment action because of the complaints he made regarding deficient patient care and mismanagement at the Santa Clara Valley Medical Center.

Under the First Amendment, a public employee has a qualified right to speak on matters of public concern. In order to prove defendants deprived Dr. Romero of this First Amendment right, Dr. Romero must prove the following additional elements by a preponderance of the evidence:

1. Dr. Romero spoke as a citizen and not as part of his official duties.

2. The speech was on a matter of public concern.

3. Defendants took an adverse employment action against Dr. Romero when they peer reviewed Dr. Romero's patient care.

4. Dr. Romero's speech was a substantial or motivating factor for the decision to peer review his patient care.

I instruct you that Dr. Romero's speech was a matter of public concern, and, therefore the second element requires no proof.

A substantial or motivating factor is a significant factor.

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from engaging in protected activity.

As I explained earlier, in this case, I have already ruled that the only conduct by defendants which may qualify as an adverse employment action is the peer reviews of Dr. Romero's patient care. In deciding whether Dr. Romero was subjected to an adverse employment action, consider only the peer reviews. Do not consider any other conduct by defendants.

**Court's analysis:** This is based closely on the Ninth Circuit Model Civil Jury Instruction 9.9. I explain above why Moritz is included, and why I have limited the jury's adverse employment action inquiry to the peer reviews. The last sentence of the first paragraph focuses the instruction on the speech that was found to be on a matter of public concern in this Court's summary judgment order. *See* Dkt. No. 117. Defendants request an additional instruction on the meaning of "matters of public concern." Romero likewise requests an additional instruction on the meaning of "protected public employee speech." The parties object to each other's proposed instructions. Whether speech is on a matter of public concern is not a jury question; it is a matter of law. *Ulrich v. City & Cnty. of San Francisco*, 308 F.3d 968, 978 (9th Cir. 2002). Both parties' requests are denied.

**JURY INSTRUCTION NO. 34**

8

**DAMAGES – PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Dr. Romero, you must determine his damages. Dr. Romero has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Dr. Romero for any injury you find was caused by defendants. You should consider the following:

1. The loss of enjoyment of life Dr. Romero has experienced and which with reasonable probability he will experience in the future.

3. The mental and emotional pain and suffering Dr. Romero has experienced and which with reasonable probability he will experience in the future.

4. The reasonable value of necessary medical care, treatment, and services Dr. Romero has received to the present time.

5. The reasonable value of necessary medical care, treatment, and services which with reasonable probability Dr. Romero will require in the future.

6. The reasonable value of wages lost by Dr. Romero during his medical leave of absence from Santa Clara Valley Medical Center between November 18, 2011 and December 3, 2012.

It is for you to determine what damages, if any, have been proved. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Court's analysis:** This is closely based on the Ninth Circuit Model Civil Jury Instructions 5.1 and 5.2. It is also substantially similar to the instruction requested by Romero. Defendants object to the inclusion of lost wages on the ground that this Court granted summary judgment for Defendants on Romero's wrongful termination and failure to provide reasonable accommodation causes of action. That ruling does not preclude Romero from recovering damages for lost wages if

the jury finds that his medical leave of absence was caused by defendants' allegedly illegal conduct.

### PROPOSED JURY INSTRUCTION NO. 36
### ITEMS OF ECONOMIC DAMAGES

The following are the specific items of economic damages claimed by Dr. Romero:

1. Past and future medical expenses.  To recover damages for past medical expenses, Dr. Romero must prove the reasonable cost of reasonably necessary medical care that he has received to date.  To recover damages for future medical expenses, Dr. Romero must prove the reasonable cost of reasonably necessary medical care that he is reasonably necessary to need in the future.

2. Past lost wages.  To recover damages for past lost wages, Dr. Romero must prove the amount of wages that he lost during his medical leave of absence from November 18, 2011 to December 3, 2012.

**Court's analysis:**  This is closely based on the Judicial Council of California Civil Jury Instructions 3903, 3903A, and 3903D.  It is also substantially similar to the instruction requested by Romero.  Defendants object to the inclusion of lost wages on the ground that this Court granted summary judgment for Defendants on Romero's wrongful termination and failure to provide reasonable accommodation causes of action.  As noted above, that ruling does not preclude Romero from recovering damages for lost wages if the jury finds that his medical leave of absence was caused by defendants' allegedly illegal conduct.

### JURY INSTRUCTION NO. 37
### ITEMS OF NONECONOMIC DAMAGE

The following are the specific items of noneconomic damages claimed by Dr. Romero: past and future mental suffering, loss of enjoyment of life, inconvenience, anxiety, humiliation, fear, and emotional distress.

No fixed standard exists for deciding the amount of these noneconomic damages.  You

1  must use your judgment to decide a reasonable amount based on the evidence and your common
2  sense.
3    To recover for future mental suffering, loss of enjoyment of life, inconvenience, anxiety,
4  humiliation, fear, and emotional distress, Dr. Romero must prove that he is reasonably certain to
5  suffer that harm.
6    For future mental suffering, loss of enjoyment of life, inconvenience, anxiety, humiliation,
7  fear, and emotional distress, determine the amount in current dollars paid at the time of judgment
8  that will compensate Dr. Romero for the future harm he is reasonably certain to suffer.
9  
10 **Court's analysis:** This instruction is closely based on the Judicial Council of California Civil Jury
11 Instructions 3905 and 3905A.  It is also substantially similar to the instruction requested by
12 Romero.  Defendants do not object to Romero's instruction but offer their own, which lists past
13 emotional distress as the only item of noneconomic damage claimed by Romero.  Defendants do
14 not explain why Romero should  not be allowed to claim additional items of noneconomic
15 damage.
16
17
18 **JURY INSTRUCTION NO. 39**
19 **CACI 3933 DAMAGES FROM MULTIPLE DEFENDANTS**
20   In this case, Dr. Romero seeks damages from more than one defendant.  You must
21 determine the liability of each defendant to Dr. Romero separately.
22   ~~If you determine that more than one defendant is liable to Dr. Romero for damages, you~~
23 ~~will be asked to find Dr. Romero's total damages and the comparative fault of each defendant.~~
24   In deciding on the amount of damages, consider only Dr. Romero's claimed losses.  Do not
25 attempt to divide the damages among the defendants.  The allocation of responsibility for payment
26 of damages among multiple defendants is to be done by the court after you reach your verdict.
27
28 **Court's analysis:**  The parties agree on this instruction and it is closely based on the Judicial

Council of California Civil Jury Instruction 3933. I intend to omit the ~~struckthrough~~ paragraph because comparative fault is not an issue in this case.

**IT IS SO ORDERED**.

Dated: September 22, 2014



_____
WILLIAM H. ORRICK
United States District Judge