UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE ROMERO,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 11-cv-04812-WHO<br><br>**FINAL ORDER REGARDING OPENING JURY INSTRUCTIONS**<br><br>Re: Dkt. No. 140 |

The parties have filed proposed opening and closing jury instructions. Dkt. No. 140. The parties agree on opening jury instructions 1 through 3 and 5 through 17. The parties disagree on opening jury instruction 4.

Subject to any modifications this afternoon, I will adopt the agreed upon opening jury instructions, with the exception of jury instruction 3, which I will deliver at the end of the trial instead of at the start. I also adopt the following opening jury instruction 4, which I will also use to describe the case to the panel at the beginning of the jury selection process.

## JURY INSTRUCTION NO. 4

## CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties.

Plaintiff Dr. Luke Romero is an anesthesiologist. He claims that Defendants Santa Clara County, Dr. Friedrich Moritz, and Dr. Bridget Philip retaliated against him for engaging in protected activity under California's Fair Employment and Housing Act (FEHA), California Labor Code section 1102.5, California Health & Safety Code section 1278.5, and the First Amendment of the United States Constitution. Dr. Romero claims that after he made complaints about discrimination, harassment, and deficient patient care at the Santa Clara County hospital where he

1 worked, his own patient care was subjected to unfair peer reviews by his colleagues.  "Peer
2 review" is a process by which a physician's patient care is analyzed and evaluated by other
3 physicians with similar training.  Dr. Romero has the burden of proving his claims by a
4 preponderance of the evidence.

5 Defendants deny Dr. Romero's claims.  Defendants allege that Dr. Romero made his
6 complaints at the same time the hospital was implementing a new and more rigorous peer review
7 policy that applied to all physicians and that Dr. Romero's patient care would have been reviewed
8 even if he had not made the complaints.

10 **Court's analysis:**  This is based on the Ninth Circuit Model Civil Jury Instruction 1.2 and
11 substantially similar to defendants' proposed instruction.  Defendants' objections to plaintiffs'
12 proposed instruction are well-taken.

14 **IT IS SO ORDERED**.
15 Dated:  October 3, 2014



WILLIAM H. ORRICK
United States District Judge

2