UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUKE ROMERO,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 11-cv-04812-WHO<br><br>**FINAL ORDER REGARDING MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 133, 137 |

The parties filed a number of motions in limine. Dkt. Nos. 133, 137. I heard argument at the initial pretrial conference on September 22, 2014 and at the final pretrial conference on October 3, 2014. I incorporate my prior rulings (*see* Dkt. No. 161, "Order Regarding Certain Motions in Limine,") in this Final Order and also GRANT defendants' motions in limine nos. 6, 17, 18 and 22. Each of these motions relates to third party evidence regarding the County's conduct that is not specific to Romero. Because there is no liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), as my Order Striking Plaintiff's Claim for *Monell* Liability in the Third Cause of Action, Granting Defendants' Motions to Quash Subpoena and Preclude Witnesses, and Denying as Moot Defendants' Motion for Clarification discusses, the third party evidence is excluded under Federal Rules of Evidence 402 and 403. It is not relevant to how Romero was treated by the County and its admission would potentially be prejudicial, confusing, and a waste of time. Nothing in this Order precludes Dolnikova, Hughes or Schnier from testifying concerning defendants' conduct toward Romero.

**I.    PLAINTIFF'S MOTIONS IN LIMINE**

    **1.  Pursuant to Federal Rule of Civil Procedure 37(c)(1), exclude peer review documents produced by defendants on August 7, 2014.**

Romero argues that the documents in question, which defendants produced after the close

1    of discovery, should be excluded under Rule 37(c)(1) because they are new versions of documents

2    previously produced by defendants. The old versions were more heavily redacted; the new

3    versions reveal information which Romero did not know the documents contained. Romero

4    argues he deposed witnesses using the old versions and would be prejudiced if defendants are

5    allowed to utilize the newly revealed information at trial.  P's Mot. 2 (Dkt. No. 133).

6    Additionally, Romero argues that Bates Nos. 04230-04232 should be excluded under Rule

7    37(c)(1) because they were not produced at all until after the close of discovery.

8          Defendants respond that the only previously redacted information revealed in the new

9    versions is the identity of persons involved in the peer reviews of Romero's patient care. D's Opp.

10   2-3 (Dkt. No. 138). The new versions are identical to the old versions in all other respects.

11   Defendants contend Romero deposed the individuals who were involved in his peer reviews and

12   has not identified any line of questioning he would have pursued had defendants produced the new

13   versions earlier. *Id.* Defendants also note that Romero did not object to the redactions, and that

14   he received the new versions on August 7, 2014, nearly two months before trial. *Id.*

15         Defendants further argue that they produced the new versions because: (1) this Court's

16   summary judgment order, issued on July 10, 2014, made clear that the peer review documents

17   would be central to Romero's remaining claims; and (2) this Court's order denying administrative

18   motions to seal, issued on June 17, 2014, rejected the parties' attempt to file peer review

19   documents under seal, except as to "personal identifying information of third parties with a need

20   for privacy, such as hospital patients." D's Opp. 3-4. Defendants contend that production of the

21   new versions was required in light of these rulings. *Id.*

22         Rule 37(c)(1) provides that a party who "fails to provide information…as required by Rule

23   26(a) or (e)…is not allowed to use that information…to supply evidence on a motion, at a hearing,

24   or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

25   Rule 26(a) requires each party, "without awaiting a discovery request," to identify "each

26   individual likely to have discoverable information" and "all documents, electronically stored

27   information, and tangible things" that the "disclosing party may use to support its claims or

28   defenses." Fed. R. Civ. P. 26(a)(1)(A). Rule 26(e) creates an obligation to supplement all Rule

26(a) disclosures. Fed. R. Civ. P. 26(e)(1). Supplemental disclosures must be made "in a timely manner" when a "party learns that in some material respect the disclosure…is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Id.*

Under Rule 37(c)(1), the party whose evidence may be excluded has the burden of proving that its failure to disclose was substantially justified or is harmless. *R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012). "The determination of whether a failure to disclose is justified or harmless is entrusted to the broad discretion of the district court." *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, No. 04-cv-04632-SI, 2007 WL 421336, at *4 (N.D. Cal. Feb. 5, 2007). Nondisclosure is harmless if it does not prejudice the other party. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). In assessing harmlessness, courts consider a number of factors, including "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Unionamerica Ins. Co., Ltd. v. Fort Miller Grp., Inc.*, No. 05-cv-01912-BZ, 2009 WL 275104, at *1 (N.D. Cal. Feb. 4, 2009).

Defendants have carried their burden of showing that their failure to timely produce the new versions is harmless. The newly revealed information is limited to the identities of the persons involved in the peer reviews of Romero's patient care. Defendants assert, and Romero does not dispute, that Romero knew who was involved in his peer reviews and deposed them during discovery. As defendants point out, it is not clear how Romero would have modified his depositions of these individuals, or any other aspect of his trial preparation, had defendants disclosed the new versions earlier. Further, Romero has been in possession of the new versions since early August 2014, meaning that he had considerable time to cure any surprise the new versions may have caused him. Finally, it appears that defendants' previous decision to redact the identities of individuals involved in Romero's peer reviews was based on a mistaken belief that the "peer review privilege" applies in this case. *See* D's Opp. 3-4. It does not. *See* Dkt. No. 105

3

1 at 2; *see also, Love v. Permanente Med. Grp.*, No. 12-cv-05679-DMR, 2013 WL 4428806 at *2-3 (N.D. Cal. Aug. 15, 2013). After this Court so informed defendants, they produced the new versions of the peer review documents. *See* D's Opp. 3-4. Defendants' explanation for their failure to timely disclose provides further support for a finding of harmlessness. Romero's motion to exclude the new versions of the previously produced documents is DENIED.

Defendants do not address Romero's request to exclude Bates Nos. 04230-04232 on the ground that they were not produced at all after the close of discovery. Defendants have not shown that their failure to timely disclose these documents was substantially justified or harmless, and Romero's motion to exclude them is GRANTED.

**2. Pursuant to Federal Rules of Evidence 602, 701, and 403, exclude evidence of the opinions and conclusions contained in the reports made in response to Romero's complaints with the Santa Clara County EOD.**

Romero made two relevant complaints with the County EOD. P's Mot. 2-3. Both were investigated and resulted in reports drafted by the investigating officers, Vernon Crawley and Mark Paschal. *Id.* Romero contends that the opinions and conclusions contained in the EOD reports should be excluded under Rules 602 and 701, because the officers based their opinions and conclusions on witnesses and documents, not personal knowledge of the events underlying the complaints. *Id.* Romero also argues that evidence of the opinions and conclusions contained in the reports should be excluded under Rule 403, because they would be more prejudicial than probative given that the officers are County employees with an "obvious bias in favor of their employer." *Id.*

Defendants clarify that they do not seek to introduce the officers' notes or reports summarizing their investigations. D's Opp. 5-7. Defendants seek to introduce only the notices the officers sent to County employees scheduling interviews to discuss Romero's complaints. *See* P's Mot., Ex. 2 at 835, Ex. 3 at 1071, 1073, 1075. Defendants state that the notices are probative of when the County employees were notified of the investigations, and therefore whether they retaliated against Romero through the peer review process. D's Opp. 5-7. Defendants also seek to introduce the notices the officers sent to Romero advising him when and how the investigations

4

had been resolved. *See* P's Mot., Ex. 2 at 832-83, Ex. 3 at 1069. Defendants contend the information contained in the notices is based on the officers' personal knowledge and is permissible lay opinion. D's Opp. 5-7. Defendants emphasize that Romero will have the opportunity to cross-examine both officers at trial. *Id.* Defendants also note that the notices are not hearsay because they will be offered only to show that the County EOD investigated Romero's complaints and advised him of its findings. *Id.*

The motion is DENIED as limited by defendants' concessions. Bates Nos. 832-833, 835, 1069, 1071, 1073 and 1075 are admissible. The EOD reports are not admissible unless Dr. Romero's testimony about the merits of his protected activity opens the door so that, in fairness, defendants should be allowed to introduce the reports in response.

## II. DEFENDANTS' MOTIONS IN LIMINE

### 1. Pursuant to Federal Rule of Evidence 615, exclude witnesses from the courtroom until after testifying.

Federal Rule of Evidence 615 provides in part: "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. "The purpose of the rule is to prevent witnesses from tailoring their testimony to that of earlier witnesses and to aid in detecting testimony that is less than candid." *United States v. Ell*, 718 F.2d 291, 293 (9th Cir. 1983). Under Rule 615, the exclusion of witnesses is a matter of right and is not within the discretion of the trial court. *Id.* at 292. The motion is GRANTED.

### 2. Pursuant to Federal Rules of Evidence 408 and 403, exclude references to settlement offers and discussions.

Federal Rule of Evidence 408 prohibits the admission of offers to settle, or statements made during settlement negotiations, for the purpose of proving liability or to impeach by a prior inconsistent statement. Fed. R. Evid. 408. Defendants' motion is in line with the rule and is GRANTED.

### 3. Pursuant to Federal Rules of Evidence 411 and 403, exclude references to the County's financial condition and insurance coverage.

Federal Rule of Evidence 411 provides: "Evidence that a person was or was not insured

against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411. Romero agrees that references to the County's insurance coverage should be excluded but contends that references to the County's financial condition may be admitted because one of the subjects of his complaints was erroneous and fraudulent billing, which impacted the County's financial condition. P's Opp. at 2 (Dkt. No. 144). Granting this motion does not preclude Romero from presenting evidence that he complained about billing practices. The motion merely seeks to prohibit Romero from presenting evidence of the County's financial condition, which is a separate issue from whether Romero complained about billing practices or was retaliated against because of those complaints. The motion is GRANTED.

**4. Pursuant to Federal Rules of Evidence 402 and 403, exclude evidence regarding the individual defendants' financial condition and references to punitive damages until after liability has been determined.**

The financial condition of the individual defendants and the prospect of punitive damages are not relevant to liability, and even if they were, their probative value would be substantially outweighed by the danger of unfair prejudice to the individual defendants. Romero does not oppose the motion. It is GRANTED.

**5. Pursuant to Federal Rules of Evidence 402 and 403, exclude evidence that the County will pay any judgment against the individual defendants.**

Like individual defendants' financial condition and the prospect of punitive damages, this evidence is not relevant to liability and has the potential to be highly unfairly prejudicial to the individual defendants. Romero does not oppose the motion. It is GRANTED.

**6. Pursuant to Federal Rules of Evidence 402 and 403, exclude references to other cases brought by Romero's counsel against the County and its employees.**

For the reasons stated in the first paragraph of this Order, the evidence described is inadmissible under Federal Rules of Evidence 402 and 403.

**7. Pursuant to Federal Rules of Evidence 402 and 403, exclude evidence pertaining to claims already decided on summary judgment.**

This Court granted defendants' motion for summary judgment on Romero's causes of action for (a) invasion of privacy, (b) slander per se, (c) intentional infliction of emotional distress, (d) discrimination on the basis of sexual orientation, age, gender, and disability, (e) hostile work environment, (f) wrongful termination, (g) failure to provide reasonable accommodation, and (h) failure to engage in the interactive process. *See* Dkt. No. 117 at 36. Defendants request the exclusion of all evidence pertaining to these causes of action. D's Mot. 5.

I agree with Romero that the motion is overbroad. There is considerable overlap between the causes of action that were disposed of on summary judgment and those that remain for trial. For example, Romero's complaints of discrimination and harassment, which pertain to several of his disposed-of causes of action, are also relevant to show that Romero engaged in protected activity for the purposes of most, if not all, of his remaining causes of action for retaliation. Accordingly, the motion is DENIED. But Romero is advised that detailed descriptions of his views of the underlying merits of his complaints will open the door to the County's refutation of the merits of those complaints. Further, the denial of this motion does not make all evidence concerning Romero's complaints per se admissible. If Romero introduces evidence of complaints, the contents of which are inadmissible under Rule 402, Rule 403, or for any other valid reason, defendants are invited to object.

**8. Pursuant to Federal Rules of Evidence 402 and 403, exclude evidence of Romero's medical leave and related administrative actions taken by the County.**

Defendants argue that such evidence is irrelevant to whether Romero was subjected to retaliatory peer reviews and would unfairly prejudice the County, confuse the issues, and cause undue delay. D's Mot. 5-6. Romero responds that his medical leave was a direct result of defendants' retaliatory conduct and is a significant part of his claim for damages. P's Opp. 3.

The motion is DENIED to the extent that it aims to exclude evidence that Romero went on medical leave from November 18, 2011 to December 3, 2012 *offered for the purpose of proving*

*damages*. Romero may present evidence that he went on medical leave for that time period. Romero may also present evidence of why he went on medical leave, and whether he received wages from the County during that time. This evidence is relevant to Romero's claim for damages resulting from defendants' alleged misconduct. However, Romero may not present evidence regarding the administrative actions taken by the County in connection with his medical leave, including the County's decisions to grant him leave, to allow him to extend his leave, and to eventually refuse him additional leave beyond December 3, 2012. Such evidence is not relevant to Romero's damages claim.

Although defendants brought this motion, at the pretrial conference, defendants changed course and requested permission to introduce evidence of the County's administrative actions for the purpose of disproving Romero's damages – e.g., by showing that Romero's claimed emotional distress was caused by the administrative actions, not by the defendants' alleged retaliatory conduct. Defendants may do so. Defendants are advised, however, that doing so will open the door to Romero offering appropriate evidence on the same subject in support of his damages claim. Under no circumstances may either party offer evidence of Romero's medical leave or the County's related administrative actions *for the purpose of proving liability*.

**9. Pursuant to Federal Rules of Evidence 402 and 403, exclude references to the reappointment / recredentialing process and the suspension of Romero's reappointment application.**

Defendants point out that this Court has already found that Romero's reappointment application was suspended because he could not perform the functions of an anesthesiologist. *See* Dkt. No. 117 at 35-36. Romero does not oppose this motion, and it is GRANTED.

**10. Pursuant to Federal Rule of Evidence 701, exclude legal conclusions and opinions that Romero was subjected to discrimination or retaliation or was discriminated or retaliated against; that Romero or any other employee was a "whistleblower;" or that Romero or any other employee was subjected to "sham" peer reviews.**

Romero argues that this motion is vague and ambiguous with regard to which evidence is to be excluded, and that it is more of an attempt to restrict Romero's speech than to exclude

8

specific evidentiary items. P's Opp. 3-4. I agree. Defendants' concerns regarding the use of particular words can be addressed during trial. The motion is DENIED.

### 11. Pursuant to Federal Rules of Evidence 602 and 403, exclude references to the allegedly erroneous or fraudulent coding and billing practices in Santa Clara Valley Medical Center's anesthesiology department.

Defendants argue that Romero's testimony regarding allegedly erroneous or fraudulent coding and billing practices is speculative and lacking in foundation, and that allowing Romero to deliver such testimony would unduly lengthen the trial. D's Mot. 7. Romero contends that he disclosed these coding and billing practices to the medical executive committee on August 11, 2011, and that this Court has already found that there is sufficient evidence of a causal link between Romero's August 2011 complaints and the subsequent peer reviews to support a jury verdict in his favor. *See* Dkt. No. 117 at 21.

This motion is DENIED because it is not yet clear for what purpose and in what form Romero intends to offer evidence of the allegedly erroneous and fraudulent coding and billing practices. When and if Romero offers such evidence, defendants may reassert their objections.

### 12. Pursuant to Federal Rule of Evidence 402, exclude (a) references to Romero's alleged breaches of medical record and peer review confidentiality; and (b) evidence regarding the investigation of those alleged breaches.

Defendants argue that evidence of the alleged breaches is irrelevant to Romero's remaining claims for retaliation. Romero does not oppose the motion. This evidence is not relevant to establish liability but it may be for damages. The motion is DENIED.

### 13. Pursuant to Federal Rule of Evidence 402, exclude references to the alleged unfairness of the on-call schedule, including the on-call pediatric anesthesiologist schedule.

Defendants argue this evidence is irrelevant. Mot. 8. Romero contends it should be allowed to show why Kelly Yeh and Bridget Philip were motivated to retaliate against him and why Romero's "status changed so dramatically." P's Opp. 4. This issue is better decided at trial. When and if Romero offers this evidence, defendants may reassert their objection. The motion is

1   DENIED.

2   **14. Pursuant to Federal Rules of Evidence 402 and 403, exclude evidence that the**
3   **County hired anesthesiologists after Romero's termination.**

4   Defendants argue this evidence is irrelevant given that this Court granted Defendants' motion for summary judgment on Romero's wrongful termination claims. D's Mot. 8. Romero contends that the County's "hiring of other anesthesiologists is relevant to [his] claims that he was subjected to ongoing retaliation arising from the retaliatory peer reviews." P's Opp. 4-5. This Court has already ruled that the only adverse employment actions to which Romero may have been subjected because of his allegedly protected activity are his peer reviews. *See* Dkt. No. 117 at 18, 23. Romero's claims of "ongoing retaliation arising from [those] peer reviews" are no longer relevant. Because the County's hiring of other anesthesiologists is not relevant to the peer reviews, the motion is GRANTED.

**15. Pursuant to Federal Rules of Evidence 402 and 802, exclude testimony by Romero "about irrelevant events and issues," including a number of statements specifically identified in defendants' motions in limine.**

These objections are better decided at trial. When and if Romero makes such statements, defendants may reassert their objections. The motion is DENIED.

**16. Pusuant to Federal Rules of Evidence 701, 802, and 403, exclude a number of emails attached as exhibits to defendants' motions in limine.**

Defendants argue these emails are hearsay and "are riddled with [Romero's] legal arguments and conclusions about discrimination, harassment, retaliation, and purported whistleblowing." D's Mot. 9. Romero contends the emails are the "very documents that constitute his protected activity." P's Opp. 5-6. Again, these objections are better decided at trial. Defendants may reassert their objections then. The motion is DENIED.

**17. Pursuant to Federal Rules of Evidence 602 and 802, exclude references to patient care by third parties and the outcomes of peer reviews of third parties.**

For the reasons stated in the first paragraph of this Order, the evidence described is inadmissible under Federal Rules of Evidence 402 and 403.

**18. Pursuant to Federal Rules of Evidence 402 and 403, exclude all references to the August 2, 2011 anesthesiology department meeting where Jana Dolinkova's cases were discussed and Richard Hughes "verbally attacked" Bridget Philip.**

For the reasons stated in the first paragraph of this Order, the evidence described is inadmissible under Federal Rules of Evidence 402 and 403.

**19. Pursuant to Federal Rule of Evidence 402, exclude the testimony of Romero's Human Resources expert, Dr. Brian Kleiner.**

Defendants argue that because the Court granted defendants' summary judgment motion on Romero's harassment, wrongful termination, and discrimination claims, Dr. Kleiner's testimony is not relevant. D's Mot. 10. Romero responds that the opinions rendered by Dr. Kleiner pertain to his retaliation claims. P's Opp. 7.

Dr. Kleiner's opinions, insofar as they are contained in his expert report, do not pertain to Romero's retaliation claims. *See* Dkt. No. 99, Ex. 9. The section of the report titled "Opinion" states: "Given Dr. Romero's length of employment with SCVMC, it would have been reasonable to extend his leave until January 2013 or at least initiate a discussion about it. Such actions would have been consistent with the County of Santa Clara's Policies and Procedures for Reasonable Accommodation." *Id.* The section of the report titled "Basis and Reasons for Opinion" includes information about SCVMC's reasonable accommodation policy, but it says nothing about SCVMC's peer review policies or practices, which are the only allegedly adverse employment actions that remain at issue in this case. *See id.* The motion is GRANTED.

**20. Pursuant to Federal Rule of Evidence 402 and Federal Rule of Civil Procedure 37(c)(1), exclude evidence of Romero's lost wages.**

Defendants argue that because the propriety of Romero's termination is not at issue, Romero will not be able to recover damages for lost wages. D's Mot. 10-11. Evidence of Romero's lost wages is therefore irrelevant. *Id.* Defendants further argue that Romero failed to disclose his lost wages, so evidence of same should be excluded at trial. *Id.* Romero responds that his medical leave was the direct result of the allegedly retaliatory peer reviews; therefore, damages

11

for lost wages remain available to him. P's Opp. 7-8. Romero also asserts that he did produce evidence of his lost wages to defendant. *Id.*

Defendants are correct that the propriety of Romero's termination is no longer at issue in this case. However, this does not preclude Romero from recovering damages for lost wages during his unpaid medical leave if the jury finds that his medical leave was caused by defendants' allegedly illegal conduct. Further, even assuming that Romero failed to timely produce evidence of his lost wages, the failure would be harmless because defendants undoubtedly have access to information regarding the wages Romero would have earned had his medical leave not occurred. *See* Fed. R. Civ. P. 37(c)(1). The motion is DENIED.

**22. Pursuant to Federal Rule of Evidence 402, exclude evidence of complaints by third-parties of discrimination or retaliation. [1]**

For the reasons stated in the first paragraph of this Order, the evidence described is inadmissible under Federal Rules of Evidence 402 and 403.

**23. Pursuant to Federal Rule of Evidence 402, exclude evidence of complaints by Romero that do not constitute "protected activity" under California Government Code section 12940, California Health and Safety Code section 1278.5, the First Amendment, or California Labor Code section 1102.5.**

This motion is so vague and broad that, as Romero points out, "it is impossible to know which evidence exactly defendants are requesting to be excluded." P's Opp. 8. The motion is DENIED.

**IT IS SO ORDERED**.

Dated: October 3, 2014

WILLIAM H. ORRICK
United States District Judge

---

[1] Defendants' motions in limine jump from number 20 to number 22, omitting number 21. *See* D's Mot. 10-11. To avoid confusion, I do the same.